OPINION OF THE COURT
Memorandum.
The order appealed from should be reversed, with costs, for the reasons stated by Mr. Justice Arnold G. Fraiman at Special Term, and judgment entered in favor of plaintiff declaring that Daniel French is subject to the automatic suspension for nonpayment of dues provisions of the union constitution despite his status as a life member of the union, pursuant to the provisions of the union constitution in effect when this action was commenced. We have been informed that during the pendency of this action seeking, inter alia, to set aside the January, 1977 election of a union business representative, a subsequent election has been held for the next term of that office, and that someone has been elected to that position. Hence, there would appear to be no point in setting aside the 1977 election, as was requested by plaintiff. However, since the dispute is one which is apt to recur, we decline the invitation to dismiss the action as moot, and have instead determined to resolve the merits as indicated above in the context of a declaratory judgment. Since the business representative in this instance was not "an officer” of the union within the contemplation of subdivision (n) of section 3 of the Labor-Management Reporting and Disclosure Act of 1959 (US Code, tit 29, § 402, subd [n]), the State courts are not denied jurisdiction as to either pre-election or postelection challenges (cf. US Code, tit 29, §§ 482, 483).
*1002 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order reversed, with costs, and judgment granted in favor of plaintiff in accordance with the memorandum herein.